```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DONNA SAMS                       :          CIVIL ACTION
                                 :
        v.                       :
                                 :
NATIONAL RAILROAD PASSENGER      :          NO. 25-3015
CORP.                            :

MEMORANDUM

Bartle, J.                                        April 14, 2026

Plaintiff Donna Sams filed this action against National Railroad Passenger Corporation ("Amtrak").  She alleges that she was injured as a result of the negligence of Amtrak when her right leg fell and became trapped in the gap between the passenger car and the platform while she was attempting to board a train as a passenger at 30th Street Station in Philadelphia.

Amtrak has moved to compel arbitration pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or in the alternative pursuant to Rule 56 of the Federal Rules of Civil Procedure and has requested that this action be dismissed or stayed if its motion is granted.  Amtrak relies on the arbitration provision of the ticket plaintiff purchased from Amtrak.  According to Amtrak, which plaintiff does not dispute, she agreed to arbitrate via "clicking a box" affirming her consent.

Plaintiff does not deny that the scope of the arbitration agreement encompasses her claim.  Instead, plaintiff simply challenges the enforceability of the agreement.  She relies on the reasoning of the en banc decision of the Pennsylvania Superior Court in Chilutti v. Uber Technologies, Inc., 300 A.3d 430 (Pa. Super. Ct. 2023), which reversed a trial court decision upholding an arbitration agreement.  The Superior Court held that under Pennsylvania law, a strict burden of proof is necessary to demonstrate an "unambiguous manifestation of assent to arbitration."  Id. at 449-50.  A party may meet this burden by showing that it explicitly stated on its registration website that a consumer is waiving a right to a jury trial when agreeing to the terms and conditions and that the registration process could not be completed until the consumer was fully informed of the waiver.  Id. at 450.  If the agreements were made available after the consumer clicked a hyperlink, the waiver must appear at the top of the first page in bold and capitalized text.  Id.  The Superior Court held that Uber, a rideshare service, failed to meet that burden when its "browsewrap agreement" used small fonts without capitalization or underlining, buried the relevant provision in long terms and condition statements, and failed to define the term "arbitration" for consumers.  This did not inform users "in an explicit and upfront manner that they were giving up a

-2-

constitutional right to seek damages through a jury trial proceeding," making the browsewrap agreement unenforceable.  Id.

By agreement of the parties, this action was stayed pending an appeal of the Superior Court's decision in Chilutti to the Pennsylvania Supreme Court.  On January 21, 2026, that Court vacated the decision of the Superior Court.  Chilutti v. Uber Techs., Inc., 349 A.3d 826 (Pa. 2026).  It held that the Superior Court did not have jurisdiction of the appeal because it involved a non-appealable interlocutory order.  The Superior Court was instructed to quash the appeal.  Consequently, the decision of the trial court compelling arbitration remained in effect.

The plaintiff's argument rested solely on her prediction that the Pennsylvania Supreme Court would affirm the reasoning of the Superior Court disallowing arbitration.  This, of course, did not happen.   It is thus unnecessary for this court to analyze that reasoning which has not been adopted by Pennsylvania's highest court and is no longer in effect.

Since plaintiff's only argument to defeat arbitration fails, this court will enforce the arbitration agreement incorporated into plaintiff's train ticket and stay this action pending the completion of the arbitration.